■ In the Matter of BURRITO FACTORY, INC., Appellant, v CITY OF NEW YORK, Respondent. [706 NYS2d 383] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered February 17, 1999, which denied the petition brought pursuant to CPLR article 78 to annul a determination of the City Environmental Control Board, dated January 21, 1998, finding that petitioner twice violated Administrative Code of the City of New York § 24-141 and fining petitioner a total of $530 for those violations, and dismissed the proceeding, unanimously affirmed, without costs.

We decline to disturb the determination that Administrative Code § 24-141 (b) (24), which defines "air contaminant[s]" to include "Processing of food stuffs," encompasses the usual and ordinary odors produced by spicy food, escaping into a complainant's residential apartment, where such odors "cause[ ] or may cause detriment to the health, safety, welfare or comfort" of the complainant within the meaning of the Administrative Code section (*see also, Matter of Charlotte's Catering Corp. v New York City Envtl. Control Bd.*, 270 AD2d 217 [decided herewith]), since respondent agency's reasonable, rational interpretation and application of the Administrative Code sections under which it functions are entitled to judicial deference (*see, Matter of Gellerman v Higgins*, 213 AD2d 309). We further find that Administrative Code § 24-141 is not unconstitutionally vague (*see, New Amber Auto Serv. v New York City Envtl. Control Bd.*, 163 Misc 2d 113). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ In the Matter of CHARLOTTE'S CATERING CORP., Appellant, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [705 NYS2d 231] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 4, 1999, which denied the petition brought pursuant to CPLR article 78 to annul a determination of respondent Environmental Control Board dated August 5, 1998, finding that petitioner violated Administrative Code of the City of New York § 24-141 and fining it $265 for that violation, and dismissing the proceeding, unanimously affirmed, without costs.

We uphold the IAS Court's determination for the reasons stated in *Matter of Burrito Factory v City of New York* (270 AD2d